1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TERRI L. BROWN,

               Plaintiff,

    v.

CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,[1]

               Defendant.

CASE NO. 12-cv-5387-RBL-JRC

REPORT AND RECOMMENDATION ON PLAINTIFF'S COMPLAINT

Noting Date: August 23, 2013

This matter has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR 4(a)(4), and as authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261, 271-72 (1976). This matter has been fully briefed (*see* ECF Nos. 14, 17, 20).

---

[1] Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is substituted for Michael J. Astrue as the defendant in this suit.

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 1

After considering and reviewing the record, the Court finds that the ALJ mistakenly assessed the results of plaintiff's mental status examination ("MSE") as performed by examining doctor, Dr. Terilee Wingate, Ph.D. The ALJ then erroneously found that Dr. Wingate's assessments were not supported by her MSE findings. For these, and other reasons, as discussed below, this matter should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further consideration.

## BACKGROUND

Plaintiff, TERRI L. BROWN, was born in 1959 and was forty-seven years old on her alleged date of disability onset of July 16, 2006 (*see* Tr. 154). Plaintiff graduated from high school, took some vocational tech classes and has a license in barbering (*see* Tr. 54). Although plaintiff never worked as a barber, she has six years of banking experience before 1995 (*see* Tr. 55).

Since her banking experience, plaintiff has done clerical and administrative work, however she testified that she no longer could do this work due to problems with focusing and numbness (*see* Tr. 55-56). Plaintiff testified that she was let go from one job in which she had difficulties reading the font on the screen and in which she refused to pop the popcorn as she did not want to get her office clothes oily (*see* Tr. 59-60). She noted that popping corn was not part of her job description (*see* Tr. 59).

Plaintiff has at least the severe impairments of depressive disorder not otherwise specified and anxiety disorder not otherwise specified (*see* Tr. 38).

At the time of the hearing, plaintiff testified that she was homeless but that she lived with an elderly lady and "did duties" for her (*see* Tr. 60). In her treatment record, plaintiff indicated to an examining doctor that she "does cleaning and some yard work to stay there" (*see* Tr. 342). Plaintiff further testified that she attended at least three to five, and sometimes six, support meetings a week, such as twelve step programs (*see* Tr. 62).

PROCEDURAL HISTORY

Plaintiff filed an application for disability insurance benefits ("DIB") pursuant to 42 U.S.C. § 423 (Title II) and an application for Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act (*see* Tr. 36, 154-64). The applications were denied initially and following reconsideration (Tr. 93-96, 98-102). Plaintiff's requested hearing was held before Administrative Law Judge Ruperta M. Alexis ("the ALJ") on December 28, 2010 (*see* Tr. 49-85). On January 13, 2011, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* Tr. 33-48).

On December 9, 2011, the Appeals Council denied plaintiff's request for review, making the written decision by the ALJ the final agency decision subject to judicial review (Tr. 6-11). *See* 20 C.F.R. § 404.981. Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's written decision in May, 2012 (*see* ECF Nos. 1, 3). Defendant filed the sealed administrative record regarding this matter ("Tr.") on September 24, 2012 (*see* ECF Nos. 9, 10). In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Whether or not the ALJ properly evaluated the medical evidence; (2) Whether or not the ALJ properly evaluated plaintiff's testimony; (3) Whether or not

the ALJ properly evaluated the lay evidence; (4) Whether or not the ALJ properly assessed plaintiff's residual functional capacity ("RFC"); (5) Whether or not the ALJ erred by basing her step four finding on a RFC that did not include all of plaintiff's limitations; and (6) Whether or not this matter should be remanded for a new hearing based on new evidence (*see* ECF No. 14, p. 2).

## STANDARD OF REVIEW

Plaintiff bears the burden of proving disability within the meaning of the Social Security Act (hereinafter "the Act"); although the burden shifts to the Commissioner on the fifth and final step of the sequential disability evaluation process. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999); *see also Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995); *Bowen v. Yuckert*, 482 U.S. 137, 140, 146 n. 5 (1987). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment "which can be expected to result in death or which has lasted, or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  Plaintiff is disabled pursuant to the Act only if plaintiff's impairments are of such severity that plaintiff is unable to do previous work, and cannot, considering the plaintiff's age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not

supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such "'relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) (*quoting Davis v. Heckler*, 868 F.2d 323, 325-26 (9th Cir. 1989)); *see also Richardson v. Perales*, 402 U.S. 389, 401 (1971). Regarding the question of whether or not substantial evidence supports the findings by the ALJ, the Court should "'review the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion.'" *Sandgathe v. Chater*, 108 F.3d 978, 980 (1996) (per curiam) (*quoting Andrews, supra*, 53 F.3d at 1039). In addition, the Court must independently determine whether or not "'the Commissioner's decision is (1) free of legal error and (2) is supported by substantial evidence.'" *See Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2006) (*citing Moore v. Comm'r of the Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)); *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

## DISCUSSION

1. **Whether or not the ALJ properly evaluated the medical evidence**.

    Plaintiff alleges that the ALJ erred in evaluating the treatment record of plaintiff's treating physician of nineteen years, Dr. Kenneth Ritter, M.D., by failing to discuss the record on the basis of illegibility and by making significant findings contrary to the doctor's treatment record. Defendant responds that any error is harmless as the doctor did not provide opinions regarding specific functional limitations. The evidence from the

treating physician appears to be significant, probative evidence that the ALJ should have discussed given multiple indications of PTSD in the treatment records and given the ALJ's finding that plaintiff's PTSD was not a severe impairment.

Plaintiff also alleges that the ALJ erroneously discussed the objective medical evidence gleaned from examining doctor, Dr. Terilee Wingate, Ph.D., then erroneously relied on a lack of objective evidence from Dr. Wingate's report to fail to credit fully her opinion. The Court agrees, and finds this error to be of the clearest harm; therefore, the Court will discuss this contention first.

According to the Ninth Circuit, even if a treating or examining doctor's opinion is contradicted, that opinion can be rejected only "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996) (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995)).

a. Dr. Terilee Wingate, Ph.D., examining doctor

Dr. Wingate examined and evaluated plaintiff in August, 2009 (Tr. 335-47). She conducted a clinical interview and a mental status examination ("MSE") (*see id.*). For example, Dr. Wingate observed plaintiff's dysphoric mood and full affect (*see* Tr. 345). She assessed that plaintiff was impaired at her three step task performance and included a comment that plaintiff "combined 2 & 3" (*see id.*). Dr. Wingate also observed that plaintiff committed one error in her serial 3s and committed one error in her serial 7s (*see id.*).

Dr. Wingate assessed that plaintiff suffered from various specific functional limitations in her ability to perform on a normal day to day work basis (*see* Tr. 343). For

example, Dr. Wingate opined that plaintiff suffered from moderate limitations on her ability to understand, remember and follow complex (more than two step) instructions, and supported this opinion by noting her observations following MSE of "6 digits forward, 4 backward, 2nd trial; Serial 3's and 7's with 1 error each" (*see* Tr. 343, 345). Dr. Wingate also opined that plaintiff suffered from moderate limitation in her ability to learn new tasks (*see* Tr. 343). Again, Dr. Wingate supported her opinion with specific finding from plaintiff's MSE and her assessment the plaintiff had "some concentration problems" (*see id.*).

First, regarding the ALJ's step two finding, the ALJ in her written decision declined to find that plaintiff suffered from the severe impairment of PTSD on the basis of a lack of assessment from an acceptable medical source regarding whether or not plaintiff met the diagnostic criteria of this diagnosis (*see* Tr. 39).

Step-two of the administration's evaluation process requires the ALJ to determine whether or not the claimant "has a medically severe impairment or combination of impairments." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (citation omitted); 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii) (1996). The "step-two determination of whether a disability is severe is merely a threshold determination of whether the claimant is able to perform his past work." *Hoopai v. Astrue*, 499 F.3d 1071, 1076 (9th Cir. 2007).

"An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individual[']s ability to work.'" *Smolen, supra*, 80 F.3d at 1290 (*quoting Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988) (*adopting* Social Security Ruling "SSR" 85-

28)). The step-two analysis is "a *de minimis* screening device to dispose of groundless claims." *Smolen, supra,* 80 F.3d at 1290 (*citing Bowen v. Yuckert*, 482 U.S. 137, 153-54 (1987)).

According to Social Security Ruling 96-3b, "[a] determination that an individual's impairment(s) is not severe requires a careful evaluation of the medical findings that describe the impairment(s) (*i.e.*, the objective medical evidence and any impairment-related symptoms), and an informed judgment about the limitations and restrictions the impairments(s) and related symptom(s) impose on the individual's physical and mental ability to do basic work activities." SSR 96-3p, 1996 SSR LEXIS 10 at *4-*5 (*citing* SSR 96-7p); *see also Slayman v. Astrue*, 2009 U.S. Dist. LEXIS 125323 at *33-*34 (W.D. Wa. 2009) (unpublished opinion).

Although plaintiff contends that Dr. Kenneth Ritter, M.D., plaintiff's treating physician, diagnosed plaintiff with PTSD, such a diagnosis is not clear from the record despite notations of PTSD (*see* Tr. 317, 318, 358). It is clear from the record, however, that Dr. Wingate diagnosed plaintiff with PTSD (*see* Tr. 342). Therefore, the ALJ's finding that no acceptable medical source had reviewed whether or not plaintiff's symptoms met the diagnostic criteria of PTSD is not supported by substantial evidence in the record as a whole (*see* Tr. 39, 342). This finding by the ALJ also suggests that the ALJ failed to evaluate thoroughly the opinion of Dr. Wingate. This suggestion is further evidenced by the ALJ's failure to credit fully Dr. Wingate's opinions.

The ALJ failed to credit Dr. Wingate's opinions in part due to a finding that her report was not "supported by the evidence" (*see* Tr. 43 (*citing* Ex. 11F, *i.e.*, Tr. 335-47)).

However, the ALJ's finding is not supported by substantial evidence in the record because the ALJ relied on an erroneous assessment of the evidence provided by Dr. Wingate when making this determination.

In addition to failing to note Dr. Wingate's diagnosis of PTSD, the ALJ reviewed Dr. Wingate's MSE and noted erroneously that plaintiff "performed a three step task and completed the serial threes testing" (*see* Tr. 43). As indicated previously, Dr. Wingate assessed that plaintiff was impaired at the three step task and erred in the serial threes testing (*see* Tr. 345). In fact, Dr. Wingate specifically cited these MSE results when indicating her opinion that plaintiff suffered from moderate limitation in her ability to understand, remember and follow complex (more than two step) instructions (*see* Tr. 343). Therefore, for this reason and based on the relevant record, the Court concludes that the ALJ's finding that "these results do not seem to support the moderate limitations checked" is not supported by substantial evidence in the record as a whole.

The ALJ's finding that the MSE results do not support moderate limitations is based on an erroneous assessment of plaintiff's MSE results. The ALJ compounded this error by ignoring Dr. Wingate's specific reasons provided next to her "checked boxes" (*see* Tr. 43). As already discussed, Dr. Wingate included typed notations onto the form, supporting her findings of moderate limitations and the support consisted of the very MSE results misinterpreted by the ALJ (*see* Tr. 343).The ALJ compounded this error when she indicated that "check-off reports that do not contain explanation of the reasons for their conclusions may permissibly be discounted" (*see* Tr. 43 (citation omitted); *see*

*also* Tr. 343). To the contrary, Dr. Wingate offered explicit reasons for her conclusions next to her checked-off boxes (*see* Tr. 43, 343, 345).

Defendant's indication that the ALJ noted the "brief notations" by Dr. Wingate and found that they did not support the check-box responses is contradicted by the ALJ's implication that Dr. Wingate's checked-off boxes did not contain any explanations and is contradicted by the ALJ's findings that are contrary to Dr. Wingate's narrative notations (*see* Response, ECF No. 17, p. 7).

The Court also concludes that these errors are not harmless.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). The Court noted multiple instances of the application of these principles. *Id*. (collecting cases). The Ninth Circuit noted that "in each case we look at the record as a whole to determine [if] the error alters the outcome of the case." *Id.* The court also noted that the Ninth Circuit has "adhered to the general principle that an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Id.* (*quoting Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (other citations omitted). The court noted the necessity to follow the rule that courts should review cases "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Id.* (*quoting Shinsheki v. Sanders*, 556 U.S. 396, 407 (2009) (*quoting* 28 U.S.C. § 2111) (codification of the harmless error rule)).

The Court concludes that the ALJ's errors in evaluating Dr. Wingate's opinion are not inconsequential to the determination regarding nondisability herein. First, the ALJ

based her finding that plaintiff's PTSD was not severe on an erroneous failure to observe that Dr. Wingate had diagnosed plaintiff with PTSD. Defendant ignores this issue (*see, e.g.,* Response, ECF No. 17, p. 2; *see also* Opening Brief, ECF No. 14, pp. 3-4). The ALJ indicated that she considered plaintiff's alleged symptoms "in conjunction with the severe anxiety disorder found above;" but, there is no indication in the ALJ's written decision that the ALJ considered plaintiff's symptoms from her PTSD when making the determination regarding plaintiff's RFC and when making the ultimate determination that plaintiff was not disabled. Therefore, this error is not harmless.

The ALJ further demonstrated a lack of careful review of Dr. Wingate's opinion by finding that plaintiff performed tasks on which Dr. Wingate opined that plaintiff was impaired and on which plaintiff had committed errors. It is clear that the ALJ's assessment of the severity of plaintiff's limitations failed to include a proper review of Dr. Wingate's opinion. The Court concludes that this failure likely affected the ALJ's assessment of plaintiff's RFC and her ultimate determination regarding nondisability.

For the reasons stated and based on the relevant record, the Court concludes that this matter should be reversed and remanded for further consideration.

b.  Dr. Kenneth Ritter, M.D., treating physician

The ALJ failed to acknowledge Dr. Ritter's diagnosis of PTSD apparently due to an inability to read Dr. Ritter's treatment records (*see* Tr. 38; *see also* Tr. 313-21). It is true that Dr. Ritter's treatment records are not very clear, but it also is clear that there are multiple references to PTSD (*see* Tr. 317, 318; *see generally*, Tr. 313-21). Given the

ALJ's duty to develop the record when presented with ambiguous evidence, the Court concludes that the ALJ's reasoning regarding Dr. Ritter's opinion is not specific and legitimate and supported by the record as a whole. *See Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001). Dr. Ritter was plaintiff's treating physician for nineteen years, and as such, his opinion is entitled to special deference (*see* Tr. 69). Following remand of this matter, the ALJ may seek to obtain more legible records from Dr. Ritter, as well as an explicit functional assessment.

"A treating physician's medical opinion as to the nature and severity of an individual's impairment must be given controlling weight if that opinion is well-supported and not inconsistent with the other substantial evidence in the case record." *Edlund v. Massanari*, 2001 Cal. Daily Op. Srvc. 6849, 2001 U.S. App. LEXIS 17960 at *14 (9th Cir. 2001) (*citing* SSR 96-2p, 1996 SSR LEXIS 9); *see also* 20 C.F.R. § 416.902. The decision must "contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the [] opinion." SSR 96-2p, 1996 SSR LEXIS 9. In general, more weight is given to a treating medical source's opinion than to the opinions of those who do not treat the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (*citing Winans v. Bowen*, 853 F.2d 643, 647 (9th Cir. 1987)).

The ALJ's failure to credit fully Dr. Ritter's opinion or offer specific and legitimate reasons for rejecting his opinion is grounds for reversal and the Court recommends reversal for this reason, also.

2. **Whether or not the ALJ properly evaluated plaintiff's testimony**.

A determination of a claimant's credibility relies in part on the assessment of the medical evidence. *See* 20 C.F.R. § 404.1529(c). The Court already has determined that the ALJ failed to evaluate properly the medical evidence, *see supra*, section 1. Therefore, plaintiff's testimony and credibility should be assessed anew following remand of this matter. Similarly, the lay evidence and plaintiff's RFC should be determined anew.

CONCLUSION

Based on the stated reasons, and the relevant record, the undersigned recommends that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further consideration. **JUDGMENT** should be for **PLAINTIFF** and the case should be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on August 23, 2013, as noted in the caption.

Dated this 29th day of July, 2013.

J. Richard Creatura
United States Magistrate Judge